UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-cv-80118-DMM

DAVID FINDLING, in his capacity as Michigan
State Court Appointed Receiver,

    Plaintiff,
v.

ATUL BISARIA, *et al.*,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS(DE 43) AND STAYING PROCEEDINGS PENDING RESOLUTION OF RELATED MATTER.

THIS CAUSE comes before the Court upon Defendants, Atul Bisaria, *et al.*'s, (collectively, "Defendants") Motion to Dismiss Complaint and Incorporated Memorandum of Law (DE 43) (the "Motion"), filed on July 10, 2012. Plaintiff, David Findling ("Findling"), filed a response to the Motion on July 27, 2012. (DE 49). I have reviewed the matter and am fully advised in the premises.

### I. Background

The events leading to the instant cause of action began on June 26, 2009 when Findling was appointed as receiver of the Detroit Riverside Hotel ("Hotel") by the Wayne County Circuit Court of Michigan pursuant to a security agreement secured by the Hotel. (DE 5 at 5-7). The security agreement was personally guaranteed by Atul and Mihu Bisaria (collectively, the "Bisarias"). *Id.* The Hotel was then owned by the Shubh Hotels Detroit, LLC, a Florida Limited Liability Company ("Shubh"). *Id.* The Hotel closed in 2009, was subsequently listed for sale, and was sold on February 4, 2011. *Id.* at 6. On August 24, 2011, a deficiency judgment (the

1

"Michigan Judgment") was entered against Shubh and the Bisarias individually, and Findling was consequently appointed receiver of their personal assets to collect on such. *Id.* at 7. "The Order Appointing [Findling as] Receiver has not been rescinded, appealed, modified or terminated." *Id.*

On October 10, 2011, Defendants sought to stay enforcement of the Michigan Judgment in Florida by filing a complaint with the Circuit Court of Palm Beach County, Florida. (DE 43 at 6); *see United Central Bank v. Shubh Hotels Detroit, LLC, Atul Bisaria and Mihu Bisaria*, Case No. 50 2011 CA 015609XXX MB and 50 2012 CA 003796 XXXX MB (Fla. 15th Cir. 2011) (the "Florida Case"). The basis of Defendants' cause of action is that their substantive due process rights were violated, as guaranteed by both the Florida and Federal Constitution, as a result of the entry of the Michigan Judgment against them and appointment of Findling as receiver, without an evidentiary hearing. *Id.* at 7.

Findling filed this case on February 7, 2012 (DE 1) seeking "enforcement of the *in personam* provisions of the Michigan Order" appointing him receiver, and restraint of Atul Bisaria and Mihu Bisari from taking action contrary to the Michigan order.[1] (DE 5 at 1). Specifically, Findling seeks: (1) the issuance of an order or judgment compelling Defendants to turn over all exempt and non-exempt property; (2) charging orders against the Florida and Delaware limited liability interests of the Bisarias' as set forth under Florida Statute § 608.433(4)(a) and Title 6 Delaware Code § 18-304;[2] (3) a declaratory judgment concerning the membership interests of the Bisarias in any entity in which the Bisarias have an interest; (4) a judgment for turnover of the Bisarias' interest in the Defendant LLC's, including those in which the Bisarias are not

---

[1] This case was subsequently amended on February 17, 2012.
[2] A charging order is a statutory procedure whereby an individual partner's creditor can satisfy its claim from the partner's interest in the partnership. *Black's Law Dictionary* 97. (3d pocket ed. 2006).

2

directly members; (5) the dissolution of Shubh, pursuant to Florida Statute § 608.449; (6) a declaratory judgment that all Defendant LLC's are alter egos of each other and the Bisarias; (7) the avoidance of transfers under the Uniform Fraudulent Transfer Act, which were made in violation of the Michigan Judgment; and (8) attorney's fees and costs. (DE 5 at 18-20).

Defendants then filed the instant Motion to Dismiss on July 10, 2012 (DE 43), alleging that Findling's complaint should be dismissed because Findling is not authorized to practice law in Florida, rendering his filings a nullity, and because the issues relating to this case are currently being addressed in the Florida Case. (DE 43 at 1); *see United Central Bank v. Shubh Hotels Detroit, LLC, Atul Bisaria and Mihu Bisaria,* Case No. 2011 CA 015609XXX MB and 50 2012 CA 003796 XXXX MB (Fla. 15th Cir. 2011).

In contesting Defendants' Motion, Findling asserts that his appearance in the instant case is proper because Florida recognizes the right of a foreign receiver to bring suit as a matter of comity. (DE 49 at 1-3). Further, Findling argues since his powers as a receiver are more expansive than those of a judgment creditor and because the instant cause of action is separate and distinct from the Florida Case, that the Amended Complaint should not be dismissed. (DE 49 at 9-11).

## II. Legal Standard

It is a well-settled principle that in ruling on a motion to dismiss, a federal court must view the complaint in the light most favorable to the plaintiff and take its well-pled factual allegations as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (citation omitted); *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007); *Hoffman-Pugh v. Ramsey*, 312 F.3d 1222, 1225 (11th Cir. 2002). In considering a motion to dismiss, it is necessary to assess the sufficiency of the complaint against the legal

3

standard set forth in Federal Rule of Civil Procedure 8: "a short and plain statement of the claim showing that the pleader is entitled to relief," but one must also keep in mind that such a short and plain statement "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted); *Watts*, 495 F.3d at 1295.

Under the *Twombly* standard, factual allegations in a complaint need not be overly detailed but "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." 550 U.S. at 555 (internal citations omitted). "The Supreme Court's most recent formulation of the pleading specificity standard is that 'stating such a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Watts*, 495 F.3d at 1295 (quoting *Twombly*, 550 U.S. at 556). This does not mean to say that a plaintiff must establish a probability of prevailing on a particular claim, but rather, the standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of a required element. *Id.* at 1296 (quoting *Twombly*, 550 U.S. at 556). "It is sufficient if the complaint succeeds in 'identifying facts that are suggestive enough to render [an element] plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 556). A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 556).

Typically, a court may not consider materials outside the pleadings in deciding a motion to dismiss. *See Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1267 (11th Cir. 2002). However, "when a defendant properly challenges subject matter jurisdiction under Rule 12(b)(1), the district court is free to independently weigh facts, and may proceed as it never could under Rule

4

12(b)(6)." *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003). Because the issue presented by a motion to dismiss under Rule 12(b)(1) is "the trial court's jurisdiction — its very power to hear the case — there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the exercise of its power to hear the case." *Id.* With these standards in mind, I turn to the instant Motion.

### III. Legal Analysis

### A. Dismissal Pursuant to Fed. R. Civ. Pro. 17(b). and S.D. Fla. Local Rule 4(b).

Defendants argue that the Amended Complaint should be dismissed, because it was filed by Findling who is not admitted to practice law in Florida, thus rendering it a nullity. (DE 43 at 3). However, it is well established that a district court may use its discretion in determining whether to allow a non-lawyer to appear in court. Fla. R. Jud. Admin. 2.510; S.D. Fla. Local Rule 4(b). Furthermore, Florida law authorizes a lawyer to appear on a temporary basis to provide legal services that:

> (1) are undertaken in association with a lawyer who is admitted to practice in Florida and who actively participates in the matter; [or]
> (2) are in or reasonably related to a pending or potential proceeding before a tribunal in this or another jurisdiction, if the lawyer or a person the lawyer is assisting is authorized by law or order to appear in such proceeding or reasonably expects to be so authorized[.]

*In re Amendments to Rules Relating to the Florida* Bar 991 So. 2d 842, 843-44 (Fla. 2009). In determining whether Findling's status as a non-lawyer warrants dismissal, it is important to note that Findling has associated himself with local counsel (DE 45 & 46), and could reasonably expect to be permitted to appear in Florida courts as authorized by law, through the Order Appointing him Receiver. Fla. Stat. § 454.18 (2010); *see Belle Island Investment Co. v. Findgold*, 453 So.2d 1143 (Fla. 3d D.C.A. 1990). Furthermore, since I granted Findling's Motion

5

to Appear *Pro Hac Vice* (DE 59) on August 20, 2012, I find that Defendants' arguments on this issue are moot.

## B. Dismissal Pursuant to Fed. R. Civ. Pro. 12(b)(1)

Defendants also argue that dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(1) because issues related to this cause of action are currently being addressed in the Florida Case. (DE 43 at 6). In support of their argument, Defendants rely on *Harkin v. Brundage*, which states that "the court which first retains jurisdiction and constructive possession of property is entitled to retain it without interference." 276 U.S. 36, 43 (1928). Defendants assert that because the 15th Circuit Court in and for Palm Beach County, Florida has constructive possession of the property at issue, jurisdiction remains with that court. (DE 43 at 6). Further, Defendants argue that the instant cause of action should be dismissed because the court in the Florida Case has yet to recognize the validity of the Michigan Judgment, and, as such, Findling lacks standing. (DE 43 at 7) (quoting *Hotchkiss v. Martin*, 52 So. 2d 113, 114 (Fla. 1951)("a receiver has no absolute right to bring suit in his official capacity in a state other than where he was appointed, unless the receiver has title to the property by voluntary transfer from the owner or is a quasi assignee by force of some state statute."). However, Findling argues that he has constructive possession of the property at issue pursuant to the Michigan Order Appointing him Receiver and MCL §§ 600.5201, *et seq.* (DE 49-1 at 2). Regardless of the parties' arguments, the court in the Florida Case is currently addressing the issue. Thus, a stay pending the resolution of the Florida Case would assist my determination of the parties' rights and remedies under Florida law.

The United States Supreme Court "has repeatedly held that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having

jurisdiction.'" *McClellan* v. *Carland*, 217 U. S. 268, 282 (1910); accord *Doran* v. *Salem Inn, Inc.*, 422 U. S. 922, 928 (1975). Federal courts may abstain from "deciding questions relating to state laws when there is a possibly that the state laws may interpret the law in a way that alters or eliminates the federal question." *Grants Dairy, Inc.* v. *McLaughlin*, 20 F. Supp. 2d 112, 119-20 (D. Me. 1998); *accord Va. Office for Prot. & Advoc.* v. *Stewart*, 131 S. Ct. 1632, 1644 (2011) (citing *Railroad Commission of Texas* v. *Pullman Co.*, 312 U.S. 496, 501, 61 S.Ct. 643, 85 L.Ed. 971 (1941)); *see also Exxon Mobil Corp.* v. *Saudi Basic Industries*, 544 U.S. 280, 292-93 (2005) (citing *Doran* v. *Salem Inn, Inc.*, 422 U. S. 922, 928 (1975)). Further, properly invoked concurrent jurisdiction is not eliminated if a federal plaintiff can present a federal question that is independent of a related state court claim, despite the possibility of a state court decision on questions related to those addressed in federal court. *McCormick* v. *Braverman*, 451 F. 3d 382, 392-93 (6th Cir. 2006) (quoting *GASH Assoc.* v. *Village of Rosemont*, 995 F.2d 726, 728 (7th Cir. 1993)); *Todd* v. *Weltman, Weinberg, & Reis Co.*, 434 F.3d 432 (6th Cir. 2006); *see also Gamble* v. *Pinnoak Resources, LLC*, 511 F. Supp. 2d 1111, 1117 (N.D. Ala. 2007) ("Claims alleging injuries caused by a *defendant's* action rather than the state court decision itself are not barred . . . even if the claims were raised before the state court.").

The Florida Case's resolution will directly affect the outcome of the action *sub judicie*. In the Florida Case, Defendants seek to stay enforcement of the Michigan Judgment and invalidate Findling's appointment as receiver, alleging that such judicial action constituted a violation of their constitutional rights. (DE 43 at 7-8). It is undisputed that Findling was appointed receiver of the Bisarias' personal assets to collect on the Michigan Judgment. (DE 5 at 6-8). If the Michigan Judgment were deemed unenforceable under Florida law, then the instant cause of action should

be dismissed. (DE 43 at 7). On the other hand, if the court in the Florida Case domesticates the Michigan Deficiency Judgment, then the instant cause of action should proceed. *Todd v. Weltman, Weinberg, & Reis Co.*, 434 F.3d 432 (6th Cir. 2006) (permitting a receiver to pursue an action in garnishment despite a previous state court judgment).

Furthermore, I find that dismissal is inappropriate because the relief Findling seeks is unavailable to him and Defendants' creditors in the Florida Case. (DE 49 at 9). While Defendants' creditors in the Florida Case seek execution and garnishment, Findling seeks the enforcement of the *in personam* provisions of the Order Appointing him receiver; the dissolution of Shubh; a declaratory judgment requiring the Bisarias' withdrawal from their corporate entities located in both Delaware and Florida; to pierce the corporate veil of the intricate network of the named Defendant corporations throughout the nation allegedly created by and for the Bisarias to protect their assets; and to avoid fraudulent transfers in accordance with applicable law. (DE 5 at 18-20 & DE 49 at 8-11). Findling also would not have pursued the instant cause of action but for Defendants' refusal to comply with the Michigan Judgment. (DE 49 at 11). As such, Findling has presented a sufficiently independent claim from that in the Florida case to preserve federal jurisdiction, which justifies a stay in the cause of action *sub judicie*. *See Gamble*, 522 F. Supp. 2d. at 1117.

Accordingly, it hereby **ORDERED and ADJUDGED** that:

1. Defendants' Motion to Dismiss (DE 43) is **DENIED**.
2. All proceedings in this case are temporarily **STAYED** pending the resolution of the Florida Case (*United Central Bank v. Shubh Hotels Detroit, LLC, Atul Bisaria and*

*Mihu Bisaria*, Case Nos. 50 2011 CA 015609XXX MB and 50 2012 CA 003796 XXXX MB (Fla. 15th Cir. 2011)) or until further order of this Court.

3. The parties are to report the **STATUS** of the Florida Case on September 31, 2012, and upon resolution of said case.

4. The Clerk of the Court shall **CLOSE** this case for administrative purposes only. Any party may move to reinstate this case to active status at any time.

5. All **PENDING MOTIONS** are **DENIED** as **MOOT**.

**DONE AND ORDERED**, in Chambers in West Palm Beach, Florida this ___ day of August, 2012.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record

9